## DANA PARKS & wife *vs.* JOHN TIRRELL.

Land conveyed to a married woman, who had children, and whose husband afterwards, but prior to the enactment of *St.* 1845, *c.* 208, went into bankruptcy, under *St.* of U. S. of 1841, *c.* 9, cannot be recovered by a writ of entry in the name of the husband and wife, if no conveyance has been made by the assignee.

WRIT OF ENTRY by a husband and wife, to recover possession of land in Roxbury, claimed by the demandants in right of the wife.

At the trial in the superior court, the demandants introduced evidence tending to show that the tenant executed a deed of the premises to Sarah Parks, the female demandant, on the 19th of

August 1837, which was not recorded, and which was afterwards borrowed by the tenant and not returned. The tenant denied that such deed ever existed. The demandants intermarried long before 1837, and then had several children. It appeared that in April 1843 Dana Parks was, by decree of the district court for the district of Massachusetts, duly declared a bankrupt, and an assignee appointed, who accepted the trust. The tenant thereupon requested the court to rule that the action could not be sustained ; but *Wilkinson*, J. declined so to rule, and instructed them, *pro forma*, to return a verdict for the demandants, if they were satisfied that the tenant made and delivered the alleged deed to Sarah Parks. The jury returned a verdict for the demandants, and the tenant alleged exceptions.

*H. W. Paine*, ( *C. C. Nutter* with him,) for the tenant.

*N. Richardson*, (*M. G. Cobb* with him,) for the demandants.

Hoar, J. The verdict has determined the fact that the tenant, on the 19th of August 1837, being then seized of the demanded premises, conveyed them by a quitclaim deed to Sarah Parks. By this conveyance, Dana Parks, her husband, became jointly seized with her of the premises in her right, and entitled to the use and enjoyment of them during their joint lives. This title of the husband could be conveyed by him, or taken on execution by his creditors. When, in 1843, he took the benefit of the bankrupt act of the United States, his whole title passed to his assignee. That act declares " that all the property, and rights of property, of every name and nature, and whether real, personal, or mixed, of every bankrupt, except as is hereinafter provided," (the exception referring only to certain necessary articles of personal estate,) " who shall by a decree of the proper court, be declared to be a bankrupt within this act, shall, by mere operation of law, *ipso facto*, from the time of such decree, be deemed to be divested out of such bankrupt, without any other act, assignment, or other conveyance whatsoever ; and the same shall be vested, by force of the same decree, in such assignee as from time to time shall be appointed," &c. *St.* of U. S. of 1841, *c.* 9, § 3. By the bankruptcy, the whole right of property of Dana Parks, which included the right of possession of these premises,

vested in the assignee for the benefit of the creditors, and nothing is shown by which this title of the assignee has since passed or been conveyed to any other person. As the demandants must recover upon the strength of their own title, and not upon the weakness of the tenant's, and as they have shown no right of possession acquired since the title of the assignee accrued, they cannot maintain this action.

The demandants insist that as, by the 8th section of the statute, it was enacted that " no suit at law or in equity shall in any case be maintainable by or against such assignee, or by or against any person claiming an adverse interest touching the property and rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years after the declaration and decree of bankruptcy, or after the cause of suit shall first have accrued," the right of the assignee to sue for the recovery of the demanded premises is barred, and that therefore the right of the bankrupt should be held to be revested in him, because otherwise the tenant would be enabled to maintain his unlawful possession. But we can see no good reason for such a conclusion. If the assignee had become the legal owner of the demandants' right, a statute of limitations barring his right to sue would be as effectual, and as much a protection to the tenant, as if the statute had applied to a suit by the bankrupt himself. Besides; the limitation of the right to sue does not of itself work any change in the title to real estate. *Non constat* that the tenant denies the title of the assignee, or would not be ready to yield the possession to him without a suit. It would be a strained construction of the act to hold that every right of action which the assignee had lost vested at once in the bankrupt for his own benefit, to the exclusion of the rights of his creditors. The *pro forma* ruling of the judge at the trial was erroneous, and the tenant is entitled to a new trial.

*Exceptions sustained.*